**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

ALI HUSSEIN MUBARAK                           CIVIL ACTION NO. 26-1329

VERSUS                                         JUDGE S. MAURICE HICKS, JR.

WARDEN ALEXANDRIA STAGING              MAGISTRATE JUDGE AYO
FACILITY, ET AL.

**MEMORANDUM ORDER**

Before the Court is an Ex Parte Moton for Temporary Restraining Order (Record Document 2) filed by the habeas petitioner in this case, Ali Hussein Mubarak ("Petitioner"). Petitioner is a national of Yemen and submits that he holds Temporary Protected Status ("TPS") under 8 U.S.C. § 1254a. See Record Document 1 at 2.[1] He is a father of four children, all of whom are United States citizens. See id. His wife, also a United States citizen, is pregnant with their fifth child. See id. Petitioner is a business owner of a car dealership in Birmingham, Alabama. See id. He has been detained by the United States Immigration and Customs Enforcement ("ICE") since approximately March 6, 2026. See id.

On April 25, 2026, Petitioner filed a Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (Record Document 1) along with the instant Ex Parte Moton for Temporary Restraining Order (Record Document 2). He

---

[1] The TPS statute provides that "[a]n alien provided temporary protected status under this section shall not be detained by the Attorney General on the basis of the alien's immigration status in the United States." 8 U.S.C. § 1254a(d)(4). That protection remains available even if the TPS holder has a final removal order or lacks other immigration status, because the government "shall not remove the alien from the United States during the period in which such [TPS] status is in effect." 8 U.S.C. § 1254a(a)(1)(A).

challenges his detention under the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment.  See Record Document 1 at 2.  Petitioner asks the Court to declare that his detention violates Section 1254a of the INA and the Due Process Clause.  See id. at 10.  Additionally, he requests immediate release from custody and an injunction to prevent further detention so long as TPS for Yemen remains in effect and he continues to hold TPS status.  See id.  Likewise, in the instant Motion, Petitioner seeks an order requiring ICE to immediately release him from custody.  See Record Document 2 at 13.

In support of his requested relief, Petitioner submitted two exhibits.  See Record Document 2-2 and 2-3.  The first exhibit is a Notice of Action from the Department of Homeland Security, United States Citizenship and Immigration Services ("USCIS").  See Record Document 2-2.  The notice is to Petititon and is dated November 8, 2024 and evidences that Petitioner's TPS status is valid from 09/04/2024 until 03/03/2026.  See id. The second exhibit is a document printed from the USCIS website entitled, "Temporary Protected Status Designated Country:  Yemen."  Id.  The document contains the following information:

> **ALERT:**  On Feb. 13, 2026, Secretary of Homeland Security Kristi Noem announced her decision to terminate Temporary Protected Status (TPS) for Yemen.
>
> TPS benefits under the Yemen designation will end on May 4, 2026, 60 days after the termination notice is published in the Federal Register.
>
> **TPS Designated Through:**                 May 4, 2026

Id.  This exhibit is not specific to Petitioner.

Petitioner's request in the instant Motion – immediate release – is one for injunctive relief.  An applicant for a Temporary Restraining Order ("TRO") must demonstrate each

of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017).  Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

The instant Motion is **DENIED** on two grounds.   First, Petitioner seeks injunctive relief that mirrors the relief requested in his Habeas Petition, that is, immediate release. In Pema Sherpa v. Judith Almodovar, et al., another judge within this District decided a similarly situated case, stating:

> The Supreme Court, very recently, reminded lower courts that preliminary injunctions are, as their name suggests, preliminary and should "not conclusively resolve legal disputes." Lackey v. Stinnie, 604 U.S. 192, 200 (2025).  In other words, they should not be used to rule on the final, merits question.
> Rather, TROs and preliminary injunctions help "preserve the status quo until a trial" or other final disposition is rendered.  Id. at 193. That begs the question: what does it mean to preserve the status quo? While the

3

words "status quo" do not appear within Rule 65 . . . , it is implicit in the "irreparable harm" prong.  . . .  Irreparable harm must also take away "the court's ability to render a meaningful decision on the merits." Canal Auth. of the State of Florida v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974); see also Samuel L. Bray, The Purposes of the Preliminary Injunction, 78 Vand. L. Rev. 809, 823–26 (2025) (concluding the same after probing Founding-era sources). Put differently, "[t]here is always a status quo. There should not be a preliminary injunction to protect it, however, unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy." Callaway, 489 F.2d at 573.

No. 3:25-CV-01718 SEC P, 2026 WL 74401, at *2 (W.D. La. Jan. 9, 2026).  A ruling on the instant Motion should not resolve the legal disputes in this case.  Thus, to the extent Petitioner asks for an order of immediate release from custody, the Court views this request as an improper effort to obtain a ruling on the merits of his Habeas Petition through injunctive relief.  Petitioner's motion for injunctive relief is essentially a motion to decide the habeas petition now.  See Garcia-Aleman v. Thompson, No. SA-25-CV-00886-OLG-HJB, 2025 WL 3769302, at *1 (W.D. Tex. Oct. 30, 2025).

Additionally, the Court's review of the proffered evidence demonstrates that Petitioner's TPS status expired on March 3, 2026.  See Record Document 2-1.  He was detained by ICE on or about March 6, 2026.  See Record Document 1 at 2.  Petitioner submitted the printout from the USCIS website; however, this document is not specific to his case.  Without documentary support showing that his TPS status was extended past March 3, 2026, the Court cannot say at this stage that Petitioner is likely to succeed on the merits of his habeas claim.

Accordingly,

**IT IS ORDERED** that Petitioner's Ex Parte Moton for Temporary Restraining Order (Record Document 2) is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 28th day of April, 2026.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE